*Chester M. Rudnicki,* pro se, submitted a brief.


COMMONWEALTH *vs.* CHARLES C. DELANEY, III. April 27, 1989. *Practice, Criminal,* Psychiatric examination.

On April 29, 1988, a Superior Court judge ordered that the defendant submit to a psychiatric examination pursuant to G. L. c. 123, § 15 (1986 ed.), and that the defendant be afforded the opportunity to videotape any interview made as part of the psychiatric evaluation. The judge simultaneously reported for appellate consideration, pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979), the question whether "the constitutional right of a criminal defendant to assistance of counsel includes the right to tape or otherwise record a court-ordered psychiatric examination." On March 16, 1989, we remanded the matter to the motion judge for a ruling in the exercise of his discretion on the defendant's motion. On April 10, 1989, the judge issued a ruling explaining that, in addition to the reasons given

---

[1] See *Rudnicki* v. *Boston Mun. Court Dep't, ante* 1003, 1003 n.1 (1989).

[1] See *Rudnicki* v. *Boston Mun. Court Dep't, ante* 1003, 1003 n.1 (1989).

in his original report, his order was also based on a review of case law, a balancing of the rights of both the Commonwealth and the defendant, and an exercise of his discretion.

Since it is within the judge's discretion to allow the defendant to record a psychiatric evaluation in circumstances where the defendant has indicated an intention to interpose an insanity or lack of criminal responsibility defense, we need not decide the constitutional question presented. See *Commonwealth* v. *Chubbuck*, 384 Mass. 746, 752 (1981) (whether to order further psychiatric evaluation at defendant's request "resided in the sound discretion of the judge"); *Blaisdell* v. *Commonwealth*, 372 Mass. 753, 769 (1977) (regarding court-ordered psychiatric evaluations, "circumstances of each case may require a degree of flexibility by trial judges").

We therefore decline to answer the question.

*William F. Asci*, Assistant District Attorney, for the Commonwealth.

*Kevin J. Reddington* for the defendant.